IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEP LAFOON,                                                                                   PLAINTIFF

v.                                                                         CAUSE NO. 3:04CV31-M-B

KENNY DICKERSON,                                                                        DEFENDANT

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the undersigned United States Magistrate Judge. Kep Lafoon ("Plaintiff") sues Sheriff Kenny Dickerson ("Defendant") for violation of his civil rights pursuant to 42 U.S.C. § 1983. Both parties have filed motions for summary judgment. In his summary judgment motion, Plaintiff argues he is entitled to judgment because the evidence shows defendant was deliberately indifferent to his serious medical needs. On the other hand, Defendant seeks summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before he initiated this action. For the reasons set out below, there are no triable issues in this case and defendant is entitled to judgment as a matter of law.

I.

The Complaint alleges that during the time of Plaintiff's confinement at the Marshall County Jail ("Jail") in September 2002, Defendant failed to provide him with proper medical treatment for gunshot wounds he sustained prior to his incarceration. Specifically, plaintiff alleges Defendant failed to have him transported for a follow-up doctor appoint that had been scheduled prior to plaintiff's incarceration. Plaintiff had been discharged from the Regional Medical Center at Memphis on September 26, 2002, and was immediately taken into custody at the Jail. On October 16, 2002, he pled guilty to murder and was sentenced to life imprisonment without parole. On October 17, 2002, he was transferred to the custody of the Mississippi Department of Corrections. He spent a total of only 19 days in the Jail. The instant Complaint seeking monetary damages was filed on February 23, 2004.

II.

The terms of 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provide:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably monetary damages, exhaustion is a prerequisite to suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Congress provided in § 1997e(a) that an inmate must exhaust administrative remedies irrespective of the forms of relief sought and offered through administrative sources. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001). When a prisoner fails to exhaust his administrative remedies before he files suit, without a valid excuse, defendants are entitled to judgment as a matter of law dismissing the prisoner's complaint. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir.1998).

The terms of § 1997e(a) do not impose exhaustion of administrative remedies as a prerequisite to subject matter jurisdiction. *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir.1998). Accordingly, this Court has subject matter jurisdiction over Plaintiff's claims. Nevertheless, after Congress amended § 1997e(a), the Fifth Circuit Court of Appeals adopted a strict approach to the exhaustion requirement. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003). *See also Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir.2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Wright*, 260 F.3d at 358 (stating that "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems.") (footnote omitted). Courts may not read futility or other exceptions into statutory

exhaustion requirements where Congress has provided otherwise. *See Booth*, 532 U.S. at 741. On the other hand, the appellate court has also stated that the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Days*, 322 F.3d at 866, citing *Wendell*, 162 F.3d at 890. Exceptions to the exhaustion requirement are rare. *See, e.g., Days*, 322 F.3d at 866 (holding administrative remedies to be unavailable if an inmate is unable to timely file because of physical injury and the grievance system rejects that inmate's subsequent attempts to file as untimely); *Ferrington v. La. Dep't of Corrs.*, 315 F.3d 529, 532 (5th Cir.2002) (rejecting a claim of exhaustion based on plaintiff's alleged blindness); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, when he recovered, he did not attempt to file a grievance, even though the grievance would have been untimely). Administrative remedies are deemed unavailable if (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies after the injury improves. *Days*, 322 F.3d at 868.

An inmate's *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies should be dismissed without prejudice to those claims, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998).

III.

In this case, Defendant has offered summary judgment evidence showing that the Jail had a grievance procedure in place during the time of Plaintiff's incarceration. This procedure was outlined in the inmate handbook. It required an inmate to file a formal grievance regarding a serious complaint about treatment or other conditions if speaking to a jail official failed to yield satisfactory results. Inmates were required to file their grievances within three days of the incident underlying their complaint. The evidence shows and Plaintiff concedes he did not file a grievance regarding the claim made in the Complaint.

In defense of the motion for summary judgment, however, plaintiff offers three reasons for his failure to exhaust administrative remedies: 1) he did not know about the grievance procedure; 2) he was physically incapacitated during the time of his incarceration at the Marshall County Jail; and 3) he was confined for such a short period of time, there was no time to initiate the grievance procedure. The undersigned finds that as a matter of law, none of the foregoing reasons suffice as exceptions to the exhaustion requirement. As stated above, plaintiff must show that the grievance procedure was unavailable to him. He has failed to show this here. First, even assuming plaintiff had no knowledge of the Jail's grievance procedure, this excuse does not stand because plaintiff provides no explanation whatsoever for his lack of diligence in inquiring about such a procedure. Second, even assuming Plaintiff was physically incapacitated during the time of his confinement at the jail, he offers no justification for his failure to file a grievance once he was relieved of his physical incapacity. Surely by the time he filed the instant Complaint, he was able to submit a formal grievance to the Jail. Third, despite Plaintiff's brief confinement at the Jail, he makes no claim that some obstacle prevented him from submitting a grievance to the Jail after his transfer to another facility.

Based on the foregoing, the Court does not reach the merits of Plaintiff's claims and, thus, there is no need to address Plaintiff's motion for summary judgment. For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April, 2005.

/s/   **Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**