# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION


**KEP LAFOON,**                                                          **PLAINTIFF**

**V.**                                      **CAUSE NO. 3:04CV31-M-B**

**KENNY DICKERSON,**                                         **DEFENDANT**


## FINAL JUDGMENT

The *pro se* plaintiff in this § 1983 complaint alleges that the defendant deliberately ignored his serious medical needs. Both sides have moved for summary judgment. The magistrate judge filed a Report and Recommendation recommending that the defendant's motion be granted in that the plaintiff did not comply with Section 7 of 42 U.S.C. 1997(e), the Civil Rights of Institutionalized Persons Act, which provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings

and "by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Celotex Corp.*, 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

It is clear from the pleadings that plaintiff has failed to comply with the requirement to exhaust his administrative remedies and should not be allowed to proceed. However, the defendant's motion is in the nature of a motion to dismiss rather than a motion for summary judgment and will be treated as such. Accordingly, it is

**ORDERED:**

1. That the Report and Recommendation of the United States Magistrate Judge dated April 29, 2005, is hereby approved and adopted as the opinion of the Court.

2. That defendant's motion to dismiss is hereby granted, and the complaint is dismissed without prejudice pursuant to § 1997e(a) for failure to exhaust administrative remedies but with prejudice for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

3.  That plaintiff's motion for summary judgment is denied, and all remaining motions are hereby denied as moot.

4.  That the Clerk shall forthwith close this case.

THIS the 18th day of May, 2005.


                                      **/s/ Michael P. Mills**
                                      **UNITED STATES DISTRICT JUDGE**